BALES, Justice,
Concurring.
¶ 21 While joining in the Court’s opinion, I write briefly to explain why I conclude this action is not barred by laches. The legisla *562 ture has ample time within this fiscal year to remedy the identified constitutional problem and to achieve nearly the same budget reduction sought by § 47 without impacting recipients of appropriations other than the cities and towns.
¶ 22 As a general matter, I would be inclined to accept the Governor’s argument that a party cannot wait several months to challenge the validity of an appropriations bill. Delay in bringing such challenges obviously poses the risk of unduly prejudicing governmental entities that could be forced to absorb significant budget adjustments over the remaining fiscal year. These concerns, however, are not implicated here given the unique circumstances of this case.
¶23 The legislature, as the Court recognizes, see n. 6 supra, could achieve almost all the $18.3 million budget savings intended by § 47 by instead rescinding $17.7 million from the existing $728 million appropriation to the Urban Revenue Sharing Fund (URSF). Because monies are distributed to cities and towns from the URSF on a monthly basis, there are hundreds of millions of dollars still remaining in the URSF for this fiscal year. The legislature could, by a majority vote of each house, reduce the outstanding appropriation by some $17.7 million, the difference between the amount the legislature appropriated in 2006 and the amount calculated by the statutory formula in A.R.S. § 43-206(A).
¶ 24 If the Legislature can achieve nearly the same result by reducing this year’s urban revenue sharing appropriation to cities and towns, one might ask if our decision unduly elevates form over substance. This is an area, however, in which the form of legislation has constitutional significance. Section 47 does not identify any appropriation of state funds from which the cities and towns are to provide the mandated deposit of money. This fact readily distinguishes § 47 from lump sum reductions that can be linked to identifiable appropriations to departments or subunits of the state. Such reductions are treated as “appropriations” that may be included in a general appropriations bill and are subject to the Governor’s line item veto. Rios v. Symington, 172 Ariz. 3, 10-11, 833 P.2d 20, 27-28 (1992). By today holding that § 47 cannot be included in a general appropriations bill because it does not reduce any identifiable appropriation, the Court’s decision not only honors the language of Article 4, Part 2, Section 20 of the constitution, but also promotes accountability and transparency in the state’s budgeting process.
CONCURRING: ANDREW D. HURWITZ, Justice.